UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPLAINT OF BENJAMIN P. URBELIS FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME | CIVIL ACTION No. 1:15-cv-12358-ADB |

NICOLE BERTHIAUME'S MEMORANDUM IN SUPPORT OF MOTION TO STAY THIS
<u>LIMITATION OF LIABILITY ACTION</u>

<u>INTRODUCTION</u>

This memorandum is submitted on behalf of Claimant Nicole Berthiaume (hereinafter "Berthiaume") in support of her motion to stay this limitation of liability action until resolution of the state court action which is presently pending.

<u>STATEMENT OF FACTS</u>

The Plaintiff Benjamin P. Urbelis (hereinafter "Urbelis") alleges he is the sole owner of a 29' power vessel, the M/V NAUT GUILTY. On May 30, 2015, Urbelis and 12 others including Berthiaume, were onboard the M/V NAUT GUILTY for a daytime excursion on the M/V NAUT GUILTY. At the time of the accident, the vessel was near Spectacle Island in Boston harbor. At approximately 7:00 p.m. Berthiaume, age 19, was injured by the M/V NAUT GUILTY's propeller(s). The injuries included the loss of her dominant right arm at just below the shoulder, and other serious injuries. Urbelis alleges "...other individuals may have sustained personal injury(s)...", but Berthiaume is aware of no other claimed injuries, and no other injured parties have filed a claim or answer in this action.

The vessel manufacturer, Chaparral Boats, Inc. (hereinafter "Chaparral"), and the vessel engine manufacturer, Volvo-Penta of the Americas, LLC (hereinafter "Volvo-Penta"),

BRADY/CALLAHAN
ATTORNEYS AT LAW

have both filed a claim and answer, but obviously neither were injured in the May 30, 2015 incident. Rather, both seek contribution and indemnity against Ureblis.

As a result of the May 30, 2015 events, Urbelis, a 33 year old attorney, who apparently concentrates his practice on DUI defense, is, upon information and belief, being charged criminally with operating a vessel under the influence, negligent operation of a vessel, and procuring alcohol for a minor. Another occupant of the vessel, Alexander Williams, a 24 year old law student who is believed to be a former intern or employee for Urbelis' law firm, is, upon information and belief, being charged criminally with witness intimidation, negligent operation of a vessel, and procuring alcohol for a minor in connection with the May 30, 2015 incident.

Upon information and belief, Urbelis presently claims that the M/V NAUT GUILTY was at anchor with its engines off when he jumped into the water and that he was in the water swimming some distance away from the vessel when someone else (Alexander Williams) started and operated the engine(s) at the time of Berthiaume's injury.

On June 17, 2015, Urbelis filed a Complaint for Exoneration from and/or Limitation of Liability.

On or about July 2, 2015, Berthiaume filed a complaint in Suffolk Superior Court against Urbelis and others seeking damages for defendants' negligence. (Exhibit 1)

It is the desire of Berthiaume to try her case before a jury in state court as is her right under the U.S. Constitution, savings to suitors clause. In order to protect Urbelis' right to try the limitation of liability case in federal court while protecting Berthiaume's rights to a jury trial in state court, Berthiaume agrees to execute a stipulation. This



practice has been expressly endorsed by the United State Supreme Court in <u>Lewis v. Lewis & Clark Marine, Inc.</u>, 531 U.S. 438, 121 S. Ct. 993, 148 L. Ed. 2d 931 (2001).

## THIS COURT SHOULD STAY THE LIMITATION CASE IN FAVOR OF THE PROSECUTION OF THE STATE COURT ACTION

The Court should stay this limitation of liability action to preserve Berthiaume's rights under the "savings to suitors" clause to try her case before a jury in state court. <u>Lewis & Clark</u>, <u>Supra</u>.

As the <u>Lewis & Clark</u> court noted, the provisions of the Limitation Act are in tension with the savings to suitors clause in that the savings to suitors clause gives the claimant the right to a choice of forum while the Limitation Act gives vessel owners the right to seek limitation of liability in federal court. <u>Lewis & Clark</u>, <u>Id</u>. at 448. In recognition of this tension, the courts have noted that although the primary purpose of the Limitation Act is to limit liability of shipowners for maritime accidents that occur without their privity, the right to limit liability is not "boundless". <u>Lake Tankers Corp. v. Henn</u>, 354 U.S. 147, 152 (1957). Tradionally, courts have stayed the limitation action and allowed separate court proceedings to continue: first, where there is a single claimant and second, where the total claims do not exceed the value of the limitation fund. <u>Lewis & Clark</u>, <u>Supra</u>. at 451. The current trend is, however, to stay the limitation action and allow the state court action to proceed if the vessel owner's right to seek limitation is adequately protected. <u>Lewis & Clark</u>, <u>Id</u>., at 454 ("But where, as here, the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion")

A claimant's important right to a jury trial and to the full compliment of common law remedies available in state court, has been recognized by this court in a limitation case

3

in Complaint of David Martin, 18 F. Supp. 2d 126 (D. Mass. 1998). In Martin, Chief Judge Tauro noted that the vessel owner's right to limitation of liability must, in some instances, give way to a claimant's rights to proceed in a common law forum of her choice. Id. at 127-128. Chief Judge Tauro gave examples where the vessel owner's right to proceed must give way to the claimant's choice of forum: where limitation of liability is not possible, *citing* Henn, Supra., or ; when a single claimant has unambiguously expressed an interest in proceeding in a different forum. Id. at 128. Chief Judge Tauro cautioned that the Limitation Act should not be allowed to be misused by vessel owners to deprive claimants of their choice of forum under the above-referenced circumstances, noting further:

> …The Limitations Act provides for the enjoining of state court suits when a petition, such as the one here, is filed in order to effectively distribute limited funds in a single proceeding, not to transform the Limitation Act from a protective instrument into an offensive weapon by which …shipowners can deprive suitors of their common law rights…(internal brackets and quotations omitted)

Id. at 128.

In the instant case, no injured party has come forward other than Berthiaume and she has unambiguously expressed a preference for an alternative forum. Under these circumstances, the stipulations offered by Berthiaume will more than adequately preserve Urbelis' right to seek limitation of liability after allowing Berthiaume her right to a state court jury trial.

Other courts have found the vessel owner's rights to seek limitation of liability to be adequately preserved when claimants enter into specific stipulations. In re Ill. Marina Towing, Inc., 498 F.3d 645 (7th Cir. 2007) (Stipulations allowed the district court to retain jurisdiction over all limitation issues, claimants waived claims of *res judicata*, claimants conceded not to seek liability beyond the fund, and claimants agreed to seek only their *pro rata* shares in such a case); Complaint of Dammers, 836 F.2d 750 at 756, 758-59 (2nd Cir.

BRADY/CALLAHAN
ATTORNEYS AT LAW

1988) (Stipulations adequately protect vessel owner where claimants agreed that owner had right to litigate all issues relating to limitation of liability in federal court, claimants waived any claim of *res judicata,* claimants prioritized their claims and stated that neither their claim against the vessel owner nor against any third party who the vessel owner may be required to indemnify would exceed the amount stipulated in the fund).

Here, there is a single party alleging injuries, Berthiaume, with two other parties, Chaparral and Volvo-Penta, asserting derivative claims for indemnity and contribution. There is a split of authority among the federal appellate courts on whether claims for contribution and indemnity should be considered "claims" for purposes of determining whether there is a multiple claimant situation. See Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1041-1042 (11th Cir. 1996) (Noting that the 6th and 8th Circuit hold that such claims are merely derivative and therefore not considered claims, while the 2nd, 3rd, and 5th Circuit do consider these to be separate claims). It appears the First Circuit has not addressed this issue. The claims of Chaparral and Volvo-Penta seek against Urbelis only reimbursement of the damages asserted by Berthiaume. Their claims are derived from and dependent upon the primary claim of Berthiaume against the vessel owner. Thus, this court should deem this to be a single claimant situation.

Alternatively, if this is considered a multiple claim situation, stipulations may be used to convert a multiple claimant case into the functional equivalent of a single claimant case such that a limitation case may be stayed to allow the claimant to proceed with their claim in a state court. Beiswenger, Id. at 1044-1045.

In order to preserve Ubelis' right to seek limitation of liability, Berthiaume will stipulate not to seek to enforce a judgment in excess of the limitation fund. *See,* Dammers,

Supra., at 756, 758-59; *see also* Beiswenger, Supra., at 1043-44 ; In re Ingram Barge Co., 419 F.Supp. 2d 885, 889-890 (S.D.W.Va. 2006).

While Berthiaume maintains all defenses to Urbeils' limitation action, Berthiaume is willing to stipulate, in accordance with Lewis & Clark, to the following in order to proceed in her preferred forum :

PROPOSED STIPULATIONS

PROPOSED STIPULATION NO. 1:     Berthiaume concedes and agrees that the United States District Court for the District of Massachusetts has exclusive jurisdiction over all limitation of liability issues which may arise from the boating accident which occurred on May 30, 2015 in Boston, Massachusetts, and that Urbelis is entitled to and has the right to litigate all issues relating to limitation of liability pursuant to the provisions of 46 U.S.C. § 30501, *et seq*.

PROPOSED STIPULATION NO. 2:     Berthiaume concedes and agrees to waive any claim(s) of *res judicata* pertaining to the issue of limitation of liability based on any judgement obtained in state court or other proceeding based on the boating accident which occurred on May 30, 2015 in Boston, Massachusetts.

PROPOSED STIPULATION NO. 3:     Berthiaume concedes and agrees that the United States District Court for the District of Massachusetts has exclusive jurisdiction to determine the value of the limitation fund, and so long as Berthiaume has had an opportunity to obtain an independent appraisal or related evaluation, Berthiaume will stipulate to the value of the limitation fund as determined by said court.

PROPOSED STIPULATION NO. 4:     Berthiaume concedes and agrees that should a judgment be obtained in any court or other proceeding and should the United States

BRADY/CALLAHAN
ATTORNEYS AT LAW

District Court for the District of Massachusetts determine that limitation of liability is appropriate, Berthiaume will seek only her respective *pro rata* share(s) of the limitation fund as measured by the respective proportions of any judgment(s) obtained in any state court or other proceeding.

PROPOSED STIPULATION NO. 5: Berthiaume concedes and agrees that should a judgment be obtained on behalf of Berthiaume in any state court or other proceeding against Urbelis and/or other liability parties who may cross-claim or claim against Urbelis, and if the United States District Court for the District of Massachusetts determines that limitation of liability is appropriate and establishes a limitation fund, and said judgment(s) is/are in excess of the value of said limitation fund, in no event will Berthiaume seek to enforce said judgment(s) insofar as same may expose Urbelis to liability in excess of the limitation fund.

The above stipulations have been accepted by other courts as adequately protecting the vessel owner's rights under the Limitation Act in order to allow a claimant to stay the limitation proceeding in favor of the claimant's preferred forum. Lewis & Clark, Supra. at 453-454.

Berthiaume has not cross-claimed against Chaparral and Volvo-Penta in this action but reserves the right to do so. Berthiaume intends, if this court grants this motion, to amend the complaint in the state court action to include these parties as defendants. In the alternative, in the event this court denies Berthiaume's motion herein, Berthiaume requests that this court lift the stay of the state court action for the limited purpose of amending the complaint to include Chaparral and Volvo-Penta as defendants so that these claims can be asserted and preserved within the applicable statute of limitation.

BRADY/CALLAHAN
ATTORNEYS AT LAW

## CONCLUSION

For the foregoing reasons, Berthiaume requests that this court grant her motion and stay this limitation of liability proceeding pending the outcome of Berthiaume's state court action.

                NICOLE BERTHIAUME
                BRADY / CALLAHAN

By:   /s/ John E. Brady
       John E. Brady
       56 Main Street, Suite 303
       P. O. Box 39
       Springfield, VT 05156
       (802) 885-2001 ext 302
       jbrady@bradycallahan.com

BRADY / CALLAHAN
ATTORNEYS AT LAW