UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPLAINT OF BENJAMIN P. URBELIS<br>FOR EXONERATION FROM AND/OR<br>LIMITATION OF LIABILITY,<br>CIVIL AND MARITIME | CIVIL ACTION<br>NO. 15-12358-ADB |

**PLAINTIFF'S OPPOSITION TO CLAIMANT, CHAPARRAL BOATS, INC.'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT AGAINST ALEXANDER WILLIAMS PURSUANT TO FED. R. CIV. P. 14(C)**

Now comes the Plaintiff, Benjamin P. Urbelis ("Urbelis"), in the above entitled action, by and through his undersigned counsel, Clinton & Muzyka, P.C., and respectfully submits his Opposition to Chaparral Boats, Inc.'s ("Chaparral") Motion for Leave to File a Third-Party Complaint against Alexander Williams.

For the reasons set forth in further detail within the following Memorandum of Law, Urbelis submits that this Honorable Court should properly deny Chaparral's Motion for Leave to File a Third-Party Complaint against Alexander Williams.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2015, the Claimant, Nicole Berthiaume ("Berthiaume") was swimming with other individuals off Urbelis' Vessel, M/V NAUT GUILTY (the "Vessel"), which is a twenty-nine (29) foot recreational power boat manufactured by Chaparral. When Berthiaume was swimming back to the Vessel, while Alexander Williams ("Williams") was onboard, the Vessel's engines, manufactured by Claimant, Volvo Penta of the Americas, LLC ("Volvo"), were engaged and Berthiaume was subsequently injured (the "Incident"). At the time of the Incident, Urbelis was not onboard the Vessel.

On July 21, 2017, this Honorable Court issued an Order granting in part and denying in part Berthiaume's Motion for Leave to Amend her Pleading to Assert Crossclaims against Williams, Volvo, and Chaparral. *See* Docket No. 112. Within the Order, the Court granted Berthiaume's Motion, in part, "because the proposed crossclaims adequately provide both parties with fair notice of the claims asserted against them and the grounds on which they rest. Accordingly, Volvo Penta and Chaparral Boats should respond to any outstanding discovery requests." *Id.*

## ARGUMENT

I. **This Honorable Court should properly deny Chaparral's Motion for Leave to File a Third-Party Complaint against Alexander Williams because the filing of Berthiaume's crossclaim against Chaparral was an error of law since Berthiaume and Chaparral are not on the same side of this litigation.**[1]

Following the Incident, Urbelis filed his Complaint seeking the benefits of the Limitation of Liability provided by 46 U.S.C. § 30501 et . seq. of the United States Code (the "Limitation of Liability Act" or "LOLA") as a defensive strategy against liability claims arising from the Incident. *See* Docket No. 1. LOLA "proceedings engender a divided burden of proof." *Carr v. PMS Fishing Corp.*, 191 F.3d 1, 4 (1st Cir. 1999). Claimants bear the initial burden of persuasion vis-à-vis negligence and unseaworthiness. *Id.* (citing *EAC Timberlane v. Pisces, Ltd.,* 745 F.2d 715, 720 (1st Cir.1984)). If a claimant meets its initial burden, the burden then shifts to the vessel owner to establish his lack of privity and knowledge. *Id.* (citing *Coryell v. Phipps,* 317 U.S. 406, 409, 63 S.Ct. 291 (1943)). All evidentiary burdens contemplate proof by a fair preponderance of the evidence. *Id.*

---

[1] Urbelis neither opposed nor assented to Claimant Berthiaume's Motion for Leave to Assert Claims against Claimants, Chaparral and Volvo. However, Urbelis did brief the procedural deficiencies involving Berthiaume's intended crossclaim against the defaulted party, Williams. See *Docket No. 98* at 5.

Within their respective Claims, Chaparral and Volvo seek recovery of unspecified damages on theories of indemnification and contribution against Urbelis "and/or such other [unidentified] parties, including all of [their] attorneys' fees and costs."  See *Docket No. 20 at* ¶9 and *Docket No. 23 at* ¶*13.*

Within her Claim, Berthiaume seeks recovery of $25,000,000.00 on theories of negligence and/or unseaworthiness attributable to Urbelis and/or the M/V NAUT GUILTY.  See *Docket No. 22* at 4-8.

Urbelis, <u>as a defending party</u>, has not asserted any claims against any of the Claimants.  Nor has Urbelis asserted any third-party claims under Fed.R.Civ.P. 14(c) against any non-parties.  *Aponte v. Caribbean Petroleum Corp.*, 141 F. Supp. 3d 166, 169 (D.P.R. 2015) (citing *6 Charles Alan Wright, et al., Federal Practice and Procedure § 1465* (3d ed.2015); *accord* 3–14 Richard D. Freer, *Moore's Federal Practice § 14.52* (3d ed. 2015) (" …courts routinely allow <u>a party that initiated a LOL action</u> [which is the vessel owner] to bring in additional parties that it asserts may be liable for the claims against [him].") (*Underlining is our emphasis.*)

As stated in Urbelis' Opposition to Berthiaume's Motion for Leave to Amend her Pleading to Assert Crossclaims against Williams, Volvo, and Chaparral, Berthiaume is a Claimant to the Limitation Fund and not a defendant. See *Docket No. 98* at 6.  To assert a Crossclaim, Berthiaume must be "on the same side of the main litigation" and "in similar posture in relation to claims of opposing parties brought against each of them" to assert a "crossclaim" against them.  *In re Queeny/Corinthos*, 503 F. Supp. 361, 364 (E.D. Pa. 1980).  "Certainly the **…** owners and operators of the [Vessel], and the products [liability] defendants, builders of and manufacturers of equipment for

the [Vessel], are more easily identified as standing on the same side of this litigation than as on opposing sides. On the opposing side are parties such as the [injured party] interests… [who] is also [the] plaintiff in the [Massachusetts Superior Court] action." *Id.*

Berthiaume, as the injured party, seeks redress and remedies for her injuries.  As a Claimant to the Limitation Fund, Berthiaume seeks to defeat Urbelis' attempts to limit his liability or obtain exoneration for the Incident.  See *Docket No. 22*.  Chaparral and Volvo, as defending parties, filed claims of indemnification and contribution against Urbelis, who is another defending party, for any liabilities that Urbelis may owe Chaparral or Volvo arising from the Incident.  See *Docket No. 20* and *Docket No. 23*.  Clearly, Berthiaume, as an injured party, and Volvo and Chaparral, as defending parties, are <u>not</u> "in similar posture in relation to claims of opposing parties." *Queeny/Corinthos* at 364.  This Honorable Court's Order of July 21, 2017 permitting Berthiaume to file Crossclaims against Chaparral and Volvo was a procedural error of law.  Since Berthiaume cannot properly assert a Crossclaim against either Chaparral or Volvo, Chaparral and Volvo cannot implead Williams under Fed.R.Civ.P. 14(c) and "demand judgment in favor of crossclaim plaintiff Berthiaume directly against Williams."  See *Chaparral's Motion for Leave, Docket No. 125* at 7. Accordingly, this Honorable Court should properly deny Chaparral's Motion for Leave to File a Third-Party Complaint against Alexander Williams and reconsider its granting, in part, Berthiaume's Motion for Leave to Amend her Pleading to Assert Crossclaims against Williams, Volvo, and Chaparral because that Order was a procedural error.

**II.     This Honorable Court should properly deny Chaparral's Motion for Leave to File a Third-Party Claim against Alexander Williams because there is no procedural mechanism available to Chaparral to join Williams as a party in this Limitation of Liability Action.**

Because Fed.R.Civ. 13 does not provide Berthiaume with a proper path to file "crossclaims" against Chaparral and Volvo, Fed.R.Civ.P. 14 does not afford Chaparral or Volvo the right to assert a Third-Party Complaint against Williams.  Under Fed.R.Civ.P. 14(c), a "[maritime] defendant … may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable--either to the plaintiff or to the third-party plaintiff--for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences."  *Fed. R. Civ. P. 14(c)(1)*.

Chaparral and Volvo are Claimants to the Limitation Fund who are not defending any claims asserted against them by Urbelis.  Therefore, the procedural mechanism of filing a Third-Party Complaint seeking to implead a non-party who may be "wholly or partly liable" to Urbelis is unavailable to Chaparral and Volvo.  *Id.  See also In re Katrina Dredging Limitation Actions Consol. Litig.*, No. CIV A 06-8676, 2008 WL 3876461, at *4 (E.D. La. Aug. 20, 2008) (U.S. District Court holding that Rule 14 (c) is only available "against a non-party to the lawsuit who may be liability [sic] to the defendant/third-party plaintiff or the plaintiff himself for the original plaintiff's claim.")   Urbelis, as the Plaintiff and vessel owner in this LOLA matter, is the only party that can seek to implead a non-party into this action. See *Aponte* at 169.  Urbelis has properly obtained a Default Judgment from this Honorable Court against Williams. See *Docket No. 76*.  Urbelis is now entitled to exoneration from liability regarding any of Williams' potential claims and Williams' potential claims against

Urbelis are therefore resolved in this matter.  See *American River Transp. Co.* (citing *In re Fun Time Boat Rental & Storage, LLC*, 431 F.Supp.2d 993, 1002 (D. Ariz. 2006)).  In the interests of judicial economy and administrative management, this Honorable should properly deny Chaparral's and Volvo's Motions for Leave to File Third-Party Complaints against Williams since Chaparral and Volvo have no procedural standing to assert their Complaints in the first instance.  Accordingly, this Honorable Court should properly deny Chaparral's Motion for Leave to File a Third-Party Complaint against Alexander Williams and reconsider its granting, in part, Berthiaume's Motion for Leave to Amend her Pleading to Assert Crossclaims against Williams, Volvo, and Chaparral because that Order was procedural error.

**WHEREFORE**, the Plaintiff, Benjamin P. Urbelis, prays that this Honorable Court deny the Claimant, Chaparral Boats, Inc.'s, Motion for Leave to File a Third-Party Complaint against Alexander Williams.

Respectfully submitted
by his attorneys,
**CLINTON & MUZYKA, P.C.**

"/s/Terence G. Kenneally"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
88 Black Falcon Avenue, Suite 200
Boston, MA 02210
Tel:    (617) 723-9165
Email:
tkenneally@clinmuzyka.com

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 29, 2017.

                                                         "/s/Terence G. Kenneally"
                                                         Terence G. Kenneally